Peter Johnson (State Bar No. 252542)
Email: pete@pjohnsonlaw.com
Law Office of Peter Johnson
409 N. Pacific Coast Hwy, 651
Redondo Beach, California 90277
Telephone: (310) 295-1785
Facsimile: (866) 941-7715

Attorney for Defendant
Juan Fuentes

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.2:09-cr-00466 |
| Plaintiff, | **DEFENDANT JUAN FUENTES** |
| vs. | **MOTION FOR BILL OF** |
| | **PARTICULARS** |
| JOSE ALFARO, *et al.*, | |
| | **Hearing Date: January 16, 2013** |
| JUAN FUENTES | **Hearing Time: 2:30 p.m.** |
| Defendant | |

TO: ANDRE BIROTTE, JR., UNITED STATES ATTORNEY; GARTH HIRE, XOCHITL ARTEAGA AND ROBYN BACON, ASSISTANT UNITED STATES ATTORNEYS, AND KEVIN ROSENBERG, DOJ TRIAL ATTORNEY

PLEASE TAKE NOTICE, that on January 16, 2013 at 2:30 p.m. in the courtroom of the Hon. Dale S. Fischer, the defendant, Juan Fuentes, by and through his counsel, Peter Johnson, will move pursuant to Fed. R. Crim. P. 7(f) to require the government to file a bill of particulars setting forth a clarification of the indictment and allegations in the indictment at Racketeering Act 15 of Count One and Count Nine regarding the alleged conspiracy to murder Walter Lacinos.

Specifically, Mr. Juan Fuentes moves this Honorable Court for an Order directing the government to file a bill of particulars identifying the government's

theory of the case and the alleged acts, and the approximate dates thereof, the government alleges demonstrate Mr. Fuentes' involvement or participation in the conspiracy to murder Walter Lacinos, a.k.a. "Camaron."

DATED: December 10, 2012          Respectfully submitted

By: _____/s/_____
PETER JOHNSON
Attorney for Juan Fuentes

2

# **MEMORANDOM IN SUPPORT**

## **I.     INTRODUCTION**

In 2009, the government indicted Mr. Fuentes and others with conspiring to murder Walter Lacinos on the theory that four (4) phone calls formed the basis of its charge. The indictment and testimony presented to the grand jury do not provide additional information about any additional acts upon which the government will base its case.  After obtaining the indictment, however, the government has retracted and revised its interpretation of the calls several times, leaving Mr. Fuentes inadequately informed of the charges against him. Under these circumstances, Mr. Fuentes is entitled to a bill of particular identifying and confirming the government's theory of the case and the alleged acts, and the approximate dates thereof, the government alleges demonstrate Mr. Fuentes' involvement or participation in the conspiracy to murder Walter Lacinos, a.k.a. "Cameron."

## **II.    BACKGROUND**

### **A. The Government Relied on Four (4) Phone Calls to Indict Mr. Fuentes and Others with a Conspiracy to Murder Walter Lacinos**

In Count One, Racketeering Act 15, the government alleges that "in or about January 2006 through in or about May 2006," Mr. Fuentes and others conspired to kill Walter Lacinos. The indictment refers to four phone conversations that occurred on May 6 and May 7, 2006, and states that an unidentified member of the MS-13 shot and killed Lacinos on May 15, 2006 in La Libertad, El Salvador.  These factual allegations are found in Overt Act 108 and 109 (pg. 39 of the Indictment).  The indictment does not provide information about any additional acts upon which the government will base its case nor the government's theory that a conspiracy arose and existed from January to May 2006. Count Nine is the substantive repetition of Racketeering Act 15 involving the conspiracy to kill Walter Lacinos.

During grand jury proceedings, the government alleged that the four (4) phone calls formed the factual basis of its charge. (*See* Exhibit B – *Declaration of Counsel Peter Johnson*). FBI Special Agent Jonathan H. Bauman testified that Mr. Fuentes and others conspired to kill Walter Lacinos during the four calls, which included discussions with Juan Bonilla, the actual murder. *(Id.)* Specifically, Agent Bauman alleged that, during the call, the defendants instructed Juan Bonilla to kill Lacinos and that on May 15, 2006, Juan Bonilla killed Walter Lacinos. (*Id.*) In October 2009, during the bail hearing of a co-defendant Alex Sanchez, the government firmly solidified this position regarding the meaning of the calls. (*See* Exhibit C - *Select Portion of Los Angeles Police Department Detective Frank Flores' October 19, 2009 Bail Hearing Testimony*). Amazingly, at the time of the FBI Agent Bauman's grand jury testimony in May 2009 and the bail hearing in October 2009, the government failed to inform the grand jury or defense counsel that prosecutors in El Salvador had suspected that Mr. Bonilla, a.k.a. "Zombie" was lying about details related to the murder of Walter Lacinos and that in April 2009 Mr. Bonilla had escaped from prison. (*See* Exhibit A – *News Articles from July 2006 to May 2010 Regarding Juan Bonilla, a.k.a. "Zombie," and English Translations*).

### B. The Government Changes its Theory Regarding the Four Phone Calls

On October 16, 2012, undersigned counsel met with government counsel Garth Hire and Xochitl Arteaga. (*See* Exhibit B – *Declaration of Counsel Peter Johnson*). During the meeting government counsel confirmed that Los Angeles Police Department Detective Frank Flores and Agent Bauman were wrong regarding the allegation that Juan Bonilla, a.k.a. "Zombie" was the person referenced and/or participating in the May 6 and May 7 calls. (*Id.*) However, government counsel continued to allege that, during the May 6 and May 7, 2006 calls, Mr. Fuentes agreed or supported an alleged conspiracy to murder Walter Lacinos. (*Id.*)

4

### C. Again, The Government Changes Its Theory Regarding the Four Phone Calls

On December 6, 2012, undersigned counsel met with government counsel Garth Hire and Elizabeth Yang. (*Id.*)   During that meeting government counsel confirmed that the government's new theory is that, during the May 6 and May 7, 2006 calls, Mr. Fuentes did <u>not</u> agree or support an alleged plan to murder Walter Lacinos. (*Id.*)   However, the government alleges that Mr. Fuentes later changed his mind and supported the collective decision by the gang to murder Walter Lacinos when the person who committed the murderer, Juan Bonilla, allegedly called Mr. Fuentes and others on May 14 or 15, 2006 before committing the murder. (*Id.*)   The government agrees that it does not have a copy of this alleged May 14 or May 15 phone call. (*Id.*)

## III. ARGUMENT

### A. Mr. Fuentes Is Entitled to A Bill of Particulars to Confirm the Government's Theory of the Case Related His Alleged Involvement or Participation in the Conspiracy to Murder Walter Lacinos, a.k.a. "Cameron."

Over the last several years, the government's theory of the case has been a moving target, creating the significant danger for unfair surprise at trial.  In such case, a court may direct the filing of a bill of particulars in order to give a defendant the ability to identify with sufficient particularity the nature of the charge pending against him, thereby enabling him to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy if he is prosecuted a second time for the same offense. *Wong Tai v. United States*, 273 U.S. 77, 82 (1927).   The possibility that an

5

indictment is sufficient is <u>not</u> an argument against granting a bill of particulars.[1] *United States v. Debrow*, 346 U.S. 374, 378 (1953). Likewise, the fact that a defendant is aware of the general nature of the charges against him does not answer a defendant's request for a bill of particulars. *United States v. Gordon*, 780 F.2d 1165, 1172 (5th Cir. 1986). Indeed, Fed. R. Crim. P. 7(f) was amended in 1966 to "encourage a more liberal attitude by the courts toward bills of particulars." *See* Advisory Committee Note to 1966 amendment of Fed. R. Crim. P. 7(f).

Here, the theory presented to the grand jury and described in the indictment is no longer the government's theory. Therefore, the indictment fails to apprise Mr. Fuentes of the specific acts of which he is accused. Moreover, while Mr. Fuentes is aware of the government's current theory of the case, he remains in the about dark about the government's theory related to the time-frame of the alleged conspiracy (*i.e.*, "in or about January 2006 through in or about May 2006,"), and is concerned about the government's ability to continue changing its theory. In such cases, Mr. Fuentes is entitled to a bill of particulars. Fed. R. Crim. P. 7(1); *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) ("The purposes of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense. . . . These purposes are served if the indictment itself provides sufficient details of the charges and if the Government provides full discovery to the defense."); *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979) ("The bill of particulars has three functions: '[T]o inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and

---

[1] A motion to dismiss the indictment related to the alleged conspiracy to murder Walter Lacinos is currently pending before the Court. [*See* Docket No. 1183]. Mr. Fuentes has joined that motion and the arguments presented therein.

indefinite for such purposes.'"); *Cook v. United States*, 354 F.2d 529, 531 (9th Cir. 1965) ("A defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case."); *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963)(Same).

### IV.  CONCLUSION

For the foregoing reasons, undersigned counsel requests a bill of particular to identify and confirm the government's theory of the case and the alleged acts, and the approximate dates thereof, the government alleges demonstrate Mr. Fuentes' involvement or participation in the conspiracy to murder Walter Lacinos, a.k.a. "Camaron."

DATED: December 10, 2012          Respectfully submitted,


By: _____/s/_____
PETER JOHNSON
Attorney for Juan Fuentes