ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
GARTH HIRE (Cal. State Bar No. 187330)
JOANNA CURTIS (Cal. State Bar No. 203151)
ROBYN K. BACON (Cal. State Bar No. 251048)
Assistant United States Attorneys
Violent and Organized Crime Section
KEVIN L. ROSENBERG (Ohio State Bar No. 0081448)
Trial Attorney, U.S. Department of Justice
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-0492/0298/4667
     Facsimile:  (213) 894-0141
     E-mail:     Garth.Hire@usdoj.gov
                 Joanna.Curtis@usdoj.gov
                 Robyn.Bacon@usdoj.gov
                 Kevin.L.Rosenberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 09-466-DSF |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT FUENTES' MOTION TO SUPPRESS; DECLARATION OF ROBYN K. BACON; EXHIBITS |
| v. | |
| JOSE ALFARO, et al., | Hearing Date: January 28, 2013 |
| Defendants. | Hearing Time: 8:30 a.m. |

   Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its opposition to defendant's motion to suppress, filed on December 10, 2012 (CR 1232).

   //

This opposition is based on the attached Memorandum of Points and Authorities, the attached declaration of Robyn K. Bacon, any associated exhibits, the files and records of this case, and such further evidence and argument as the court may permit.

Dated: January 7, 2013         Respectfully submitted,

                               ANDRÉ BIROTTE JR.
                               United States Attorney

                               ROBERT E. DUGDALE
                               Assistant United States Attorney
                               Chief, Criminal Division


                                      /s/
                               ROBYN K. BACON
                               Assistant United States Attorney

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On September 26, 2006, defendant Juan Fuentes ("defendant"), also known as "Skinny," stole $6000 from victim M.R. at gunpoint. The next day, victim M.R. identified defendant from a photographic line-up as the person who robbed him.  Based on this identification, Los Angeles Police Department officers obtained arrest and search warrants, both of which were executed on October 20, 2006.  During the search, officers found over $13,000 in cash and evidence of defendant's membership in the Mara Salvatrucha gang ("MS-13").

Defendant now moves to suppress the evidence seized on October 20.  With respect to the evidence seized during the search of defendant's car incident to his arrest, in particular the information found on two cellular phones found in the car, the government does not intend to introduce that evidence against defendant in its case-in-chief at trial and his motion with respect to that evidence is moot.  However, with respect to the evidence found in defendant's house, his argument is unfounded.  Accordingly, his motion must be denied.

**II.   STATEMENT OF FACTS**

On the evening of September 26, 2006, M.R., who is the manager of the United Valet Parking Lot in Los Angeles, and one of his employees were approached by two men, one of whom placed the muzzle of a handgun against M.R.'s abdomen and demanded money. (Def. Mot. Ex. A.)  Fearing for his life, M.R. gave the robber $6,000. (<u>Id</u>.) On October 3, 2006, LAPD Detective Maria Ceja interviewed M.R. about

the robbery.  (Id.)  During the interview, M.R. said that a female employee had been acting strangely on the evening of the robbery, that he believed she may have been involved, and that the female employee's boyfriend was a member of the "Mara Salva Trucha" gang ("MS-13").  (Id.)  M.R. described the man who robbed him as a male Hispanic, between 25 and 30 years old, 5' 9" to 6' tall, and possibly 200 pounds.  (Id.)  Based on this information and drawing on her experience investigating gangs, Detective Ceja compiled a photographic lineup which included various MS-13 gang members matching the suspect's general description and showed the lineup to victim M.R. on October 5, 2006.  (Id.)  Victim M.R. identified defendant, depicted in the photograph in position 5 in the lineup, as the person who robbed him.  (Id.)

On October 18, 2006, Detective Ceja obtained an arrest warrant for defendant and a search warrant for an address on Partridge Avenue in Glendale, California, which police department resources identified as defendant's residence.  (Id.)  However, when officers attempted to execute the warrants, they were informed by the resident that defendant no longer lived at that address.  (Gov't Ex. A at 3.)  Then, on October 20, 2006, Detective Ceja learned from Special Agent Sean Sterle of the Federal Bureau of Investigation ("FBI") that FBI agents believed that defendant was living at an address on West 49th Street in Los Angeles ("the 49th Street Residence") and that he had been seen entering and exiting the house multiple times during the previous year and a half.  (Id.)

2

On October 20, 2006, defendant was arrested leaving the 49th Street Residence, after which Detective Ceja applied for and obtained a warrant to search it. (Id. at 4.) During the search, officers found $13,795 in cash, three photographs of gang members, and four letters addressed to defendant by his gang moniker. (Def. Mot. Ex. B.)

On May 9, 2007, defendant pled guilty to grand theft from a person, in violation of California Penal Code Section 487(c), for which he was sentenced to two years' imprisonment. (See Gov't Oppo. to Def. Mot. to Suppress Identification, CR 1276, Ex. B.)

**III. ARGUMENT**

    **A.   DETECTIVE CEJA'S AFFIDAVIT PROVIDED PARTICULARIZED ALLEGATIONS SUFFICIENT TO SUPPORT A FINDING OF PROBABLE CAUSE TO SEARCH THE 49TH STREET RESIDENCE[1]**

        **1.   The probable cause requirement generally**

An affidavit in support of a search warrant must show that, under all the circumstances, there is a "fair probability" that the items sought will be found in the place to be searched. Illinois v. Gates, 462 U.S. 213, 238 (1983). Moreover, a magistrate's determination of probable cause can be based in part on reasonable inferences, United States v. Gourde, 440 F.3d 1065, 1071 (9th Cir. 2006).

---

[1] Because the government does not intend to introduce evidence recovered during the search incident to defendant's arrest in its case-in-chief against defendant at trial, defendant's argument that the arrest warrant lacked probable cause is relevant only to the extent that the search warrant affidavit was based on nearly identical facts.

3

To uphold a magistrate's issuance of the warrant, a reviewing court must only find that the magistrate had a "substantial basis" for finding that probable cause existed. <u>Gates</u>, 462 U.S. at 238-39. The magistrate's determination of probable cause is accorded great deference and may not be reversed unless it was clearly erroneous. <u>United States v. Krupa</u>, 658 F.3d 1174, 1177 (9th Cir. 2011); <u>United States v. Hay</u>, 231 F.3d 630, 634 n. 4 (9th Cir. 2000). In close cases, the court should give preference to the validity of the warrant and uphold the issuing magistrate's finding of probable cause. <u>United States v. Terry</u>, 911 F.2d 272, 275 (9th Cir. 1990).

**2. Detective Ceja's affidavit set out facts sufficient to support a finding of probable cause**

The magistrate who issued the October 20 search warrant did not commit clear error in concluding that Detective Ceja's affidavit contained facts sufficient to show a fair probability that a robbery had occurred on September 26, 2006, that defendant was a participant in the robbery, and that defendant's residence might contain evidence related to the investigation of that robbery. Detective Ceja's affidavit explains that victim M.R., who was in close proximity to the robber throughout the robbery, identified defendant as the perpetrator, and provides detailed investigative background information regarding the circumstances of the robbery and the basis for concluding that defendant lived at the 49th Street residence. In addition, Detective Ceja discusses

- M.R.'s suspicion that his employee was involved in the robbery and his knowledge that his employee's boyfriend was an MS-13 gang member known as "Pee Wee";

4

- the steps Detective Ceja undertook to confirm the identity and gang affiliation of "Pee Wee"; and
- Detective Ceja's belief that defendant was an MS-13 gang member, which is why she included his picture in the photo lineup.

(See Gov't Ex. A at 2-3.) From this straightforward set of facts, the magistrate could readily conclude that there was a fair probability that evidence related to the robbery and MS-13 would be located in defendant's house.

Defendant challenges this conclusion by arguing that Detective Ceja should have investigated further once defendant had been identified as the robber before seeking the arrest warrant, and by extension the search warrant. (Def. Mot. at 7.) Yet defendant fails to identify what avenues of investigation were not explored or even explain how Detective Ceja's reliance on an eye witness identification was pre-mature grounds for arrest or insufficient basis for a warrant to seek additional evidence. Furthermore, defendant's position contradicts well-settled standards for probable cause. See Texas v. Brown, 460 U.S. 730, 742 (1983) (requiring neither a prima facie showing nor an affidavit containing facts that make it "more likely true than false" to support finding of probable cause); United States v. Hay, 231 F.3d 630, 634 n.4 (9th Cir. 2000).

Ultimately, considering the information in the affidavit and the normal inferences that could be drawn under the circumstances, the magistrate judge correctly determined that there was probable cause to arrest defendant and to search his home. At a minimum,

5

this Court should be satisfied that the magistrate's probable cause determination was not clearly erroneous. Accordingly, the Court should deny defendant's motion.

### B. EVEN IF THE SEARCH WARRANT WAS FLAWED, THE GOOD FAITH EXCEPTION SHOULD APPLY

Even if this Court concludes that the affidavit lacked probable cause, the good faith exception should preclude suppression of evidence recovered during the search of the 49th Street Residence as a remedy. Under United States v. Leon, 468 U.S. 897, 926 (1984), if the agents acted in good faith and the warrant was facially valid, suppression is an inappropriate remedy, even where the warrant is defective. In Leon, the Supreme Court stressed that the deterrent effect of the exclusionary rule would serve no useful purpose when officers act in the objectively reasonable belief that their conduct does not violate the Fourth Amendment. Id. at 925-26. Ordinarily, searches "pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a [court] normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." Id. at 922 (citations and quotations omitted).

For the good faith exception to apply, "the officers must have relied on the search warrant in an objectively reasonable manner," and the "affidavit must establish at least a colorable argument for probable cause." United States v. Crews, 502 F.3d 1130, 1136 (9th Cir. 2007) (citations omitted). In applying the "good faith" standard, the determinative factor is whether a reasonably well-trained officer would have known that the search was illegal despite

6

the issuance of the warrant. <u>Leon</u>, 468 U.S. at 926; <u>see also</u> <u>United States v. Michaela</u>, 803 F.2d 1042 (9th Cir. 1986). So long as the affidavit produces disagreement "among thoughtful and competent judges as to the existence of probable cause," the affiant was not "entirely unreasonable" and the good faith exception applies. <u>United States v. Fowlie</u>, 24 F.3d 1059, 1067 (9th Cir. 1994).

Significantly, defendant entirely ignores the good faith exception and certainly has not identified any reason why it should not apply here. First, there is no evidence, nor has defendant even suggested, that Detective Ceja provided untruthful or misleading information to the magistrate judge. <u>Cf.</u> <u>Leon</u>, 468 U.S. at 923 (holding that good faith exception will not apply where issuing court "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth"). Second, there is no evidence that the magistrate judge was not acting in a neutral and detached fashion. <u>Cf.</u> <u>id.</u> (noting that the exception will not apply "where the issuing [judge] wholly abandoned his judicial role").

Third, nothing on the face of the affidavit is so deficient that the executing officers could not reasonably presume it to be valid. <u>Cf.</u> <u>id.</u> (noting that good faith exception might not apply where the warrant "is facially deficient – <u>i.e.</u>, failing to particularize the place to be searched or the things to be seized"). In actuality, Detective Ceja's affidavit provided a comprehensive factual background and lists more than adequate reasons to conclude that probable cause existed to believe that evidence would be found

at the 49th Street Residence.  Thus, at the very least, Detective Ceja's affidavit established a "plausible theory" that the items to be seized might be found at defendant's residence, which is sufficient for application of the good faith exception.  See Fowlie, 24 F.3d at 1067 (finding good faith reliance where affidavit contained some statements connecting defendant's ranch with the drug trade, even though the affidavit did not establish probable cause to search the ranch).  By contrast, reliance on the search warrant would have been objectively unreasonable only if the affidavit had "no hint" of information from which a reasonable judge could have found probable cause.  See United States v. Hove, 848 F.2d 137, 139-40 (9th Cir. 1988) (finding no good faith where the affidavit did not link the search location to the defendant, did not explain why the police might find incriminating evidence at the location, and "simply list[ed]" the location as a place to be searched).  The affidavit here plainly contained far more than a "hint" of probable cause to search defendant's residence.

   Finally, the underlying purpose for excluding evidence obtained during a search lacking probable cause would not be advanced by the suppression of evidence here.  As the Leon Court noted when setting forth the good faith exception to the exclusionary rule, the purpose of the exclusionary rule is to deter police investigators from willfully infringing upon a defendant's rights by conducting unlawful searches.  See Leon, 468 U.S. at 918-19.  Here, Detective Ceja investigated a robbery, submitted an affidavit in support of a search warrant, obtained a warrant from a detached and neutral

judge, and executed the warrant that was obtained.  The deterrent purpose of the exclusionary rule would not be furthered by excluding evidence obtained by the detectives who, in good faith, followed the appropriate procedures to search defendant's residence as part of an ongoing investigation.  Thus, the Court should deny defendant's motion.

  **C. DEFENDANT'S MOTION SHOULD BE DENIED WITHOUT AN EVIDENTIARY HEARING BECAUSE THERE ARE NO CONTESTED ISSUES OF FACT**

  An evidentiary hearing on a motion to suppress is necessary only when the moving papers "allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." United States v. Howell, 231 F.3d 615, 620 (9th Cir. 2000); see also United States v. Harris, 914 F.2d 927, 933 (9th Cir. 1990)("A hearing will not be held on a defendant's pre-trial motion to suppress merely because a defendant wants one.).  In his motion, defendant has alleged no facts which would justify suppression – in fact, he has alleged no facts at all, relying instead on government reports for his factual basis.  In the event that defendant requests a hearing in his reply brief, he must provide more than "conclusory reasons in support of having an evidentiary hearing, thus demonstrating only a desire to cross-examine the agents." United States v. Sarabia, No. 10-10317, 2011 WL 3152920, at *1 (9th Cir. July 27, 2011) (citing Franks v. Delaware, 438 U.S. 154, 171 (1978)).  Absent such a showing, his request should be denied. Id.

//

9

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion to suppress without an evidentiary hearing.

Dated: January 7, 2013	Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


        /s/
ROBYN K. BACON
Assistant United States Attorney

Attorneys for Plaintiff

10